13-4130-cv
*Biswas v. Kwait*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of August, two thousand fourteen.

PRESENT:

    JOSÉ A. CABRANES,
    CHESTER J. STRAUB,
    RAYMOND J. LOHIER, JR.,
          *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

KRITTIKA BISWAS,

       *Plaintiff-Appellee,*

       -v.-                                       No. 13-4130-cv

HOWARD KWAIT, Individually and in his official capacity as a PRINCIPAL within and for the NEW YORK CITY DEPARTMENT OF EDUCATION at JOHN BOWNE HIGH SCHOOL, JAMIE KIM ROSS Individually and in her capacity as a TEACHER within and for the NEW YORK CITY DEPARTMENT OF EDUCATION at JOHN BOWNE HIGH SCHOOL, ELAYNA KONSTAN, Individually and in her official capacity as CHIEF EXECUTIVE OFFICER of the NEW YORK CITY DEPARTMENT OF EDUCATION, OFFICE OF SCHOOL AND YOUTH DEVELOPMENT, POLICE OFFICER "JANE DOE" MALDONADO (107 Precinct, possible shield #10559), Individually and in her official capacity as a POLICE OFFICER within and for the NEW YORK CITY POLICE DEPARTMENT, so named because her exact identity has yet to be confirmed, POLICE OFFICER LARRY GRANSHAW,

1

Individually and in his Official Capacity as a POLICE
OFFICER within and for the NEW YORK CITY POLICE
DEPARTMENT,

　　　　*Defendants-Appellants.* [*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PLAINTIFF-APPELLEE:** | RAVI BATRA, The Law Firm of Ravi Batra, P.C., New York, NY. |
| **FOR DEFENDANTS-APPELLANTS:** | MICHAEL J. PASTOR (Kristin M. Helmers, *on the brief*), *on behalf of* Jeffrey D. Friedlander Acting Corporation Counsel of the City of New York, New York, NY. |

Appeal from the September 30, 2013 judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the September 30, 2013 judgment of the District Court be **DISMISSED** for lack of jurisdiction.

Plaintiff-appellee Krittika Biswas brings this action, in relevant part, against two New York City Police Department officers and several employees of the New York City Department of Education (jointly with NYPD, defendants) alleging violations of her right to due process and to be free from false arrest, malicious prosecution and excessive force under 42 U.S.C. § 1983 and analogous state law. In a September 30, 2013 Opinion and Order, the District Court granted in part and denied in part defendants' motion to dismiss. Defendants now appeal the Order insofar as it denied individual defendants qualified immunity on the above claims. We assume familiarity with the factual and procedural history of the case, and the issues on appeal.

We review *de novo* a district court's denial of a motion to dismiss based on qualified immunity. *Benzman v. Whitman*, 523 F.3d 119, 125 (2d Cir. 2008). Qualified immunity is appropriately granted on a Rule 12(b)(6) motion only if it is based on facts appearing on the face of the complaint, exhibits to the complaint, documents incorporated by reference, and items of which judicial notice may be taken. *See McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004); *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). Where "the availability of qualified immunity cannot [ ] be determined as a matter of law, we lack appellate jurisdiction" to review the denial of that defense. *McKenna*, 386 F.3d at 438 (citing *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996)).

---

[*] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

2

Nothing on the face of the Complaint establishes that any defendant is entitled to qualified immunity as a matter of law. To the extent that exhibits to the Complaint or documents incorporated by reference suggest that qualified immunity may be appropriate, these documents at best raise questions of fact. These questions may be resolved on a motion for summary judgment when plaintiff "can [no longer] rely on allegations in the complaint, but must counter the movant's affidavits with specific facts showing the existence of genuine issues warranting a trial," *Id.* at 436. They cannot, however, be resolved at this early stage in light of the plausible allegations in the Complaint. Accordingly, we lack jurisdiction to review the denial of qualified immunity.

## CONCLUSION

We have considered all of defendants' arguments and find them to be without merit. For the reasons set out above, the appeal from the September 30, 2013 judgment of the District Court is **DISMISSED** for lack of jurisdiction.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court